UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| KEVIN TRIPP,<br><br>    Plaintiff,<br><br>  vs.<br><br>U.S. FEDERAL GOVERNMENT, MATTHEW THELEN, CLERK OF COURT, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; VERONICA L. DUFFY, MAGISTRATE JUDGE, IN HER INDIVIDUAL AND OFFICIAL CAPACITY; JOHN M STROMAN, ASSISTANT ATTORNEY GENERAL, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; AND JASON RAVNSBORG, ATTORNEY GENERAL, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY,<br><br>    Defendants. | 4:19-CV-04199-KES<br><br><br>ORDER DENYING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS ON APPEAL |

  Plaintiff, Kevin Tripp, filed a pro se civil rights lawsuit under 42 U.S.C. § 1983. Docket 1. Tripp voluntarily dismissed his case on February 7, 2020. Docket 5. Judgment was entered against Tripp and he filed a notice of appeal. Dockets 7 and 8. Now Tripp moves to proceed in forma pauperis on appeal. Docket 9. Tripp filed a prisoner trust account report earlier in the action. Docket 3.

  Under the Prison Litigation Reform Act (PLRA), a prisoner who "files an appeal in forma pauperis . . . [is] required to pay the full amount of a filing

fee." 28 U.S.C. § 1915(b)(1). This obligation arises " 'the moment the prisoner . . . files an appeal.' " *Henderson v. Norris*, 129 F.3d 481, 483 (8th Cir. 1997) (quoting *In re Tyler*, 110 F.3d 528, 529–30 (8th Cir. 1997)). " 'When an inmate seeks pauper status, the only issue is whether the inmate pays the entire fee at the initiation of the proceedings or over a period of time under an installment plan.' " *Id.* (quoting *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997)). "[P]risoners who appeal judgments in civil cases must sooner or later pay the appellate filing fees in full." *Id.* (citing *Newlin v. Helman*, 123 F.3d 429, 432 (7th Cir. 1997)).

In *Henderson*, the Eighth Circuit set forth "the procedure to be used to assess, calculate, and collect" appellate filing fees in compliance with the PLRA. 129 F.3d at 483. First, the court must determine whether the appeal is taken in good faith. *Id.* at 485 (citing 28 U.S.C. § 1915(a)(3)). Then, so long as the prisoner has provided the court with a certified copy of his prisoner trust account, the court must "calculate the initial appellate partial filing fee as provided by § 1915(b)(1), or determine that the provisions of § 1915(b)(4) apply." *Id.* The initial partial filing fee must be 20 percent of the greater of:

(A) the average monthly deposits to the prisoner's account; or
(B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

28 U.S.C. § 1915(b)(1). Nonetheless, no prisoner will be "prohibited from . . . appealing a civil or criminal judgment for the reason that the prisoner has no

2

assets and no means by which to pay the initial partial filing fee." 28 U.S.C. § 1915(b)(4).

It appears that Tripp's appeal is not taken in good faith. He voluntarily dismissed the lawsuit. Docket 6. This court had not done any meritorious review of his complaint but granted judgment in favor of the defendants and against Tripp because Tripp had voluntarily dismissed the lawsuit. Because Tripp's appeal is not taken in good faith, his motion for leave to proceed in forma pauperis on appeal without prepayment of fees (Docket 9) is denied.

Thus, it is ORDERED:

1. That Tripp's motion for leave to proceed in forma pauperis on appeal (Docket 9) is denied.

2. That Tripp must pay the appellate filing fee of $505 in full.

Dated March 13, 2020.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE